UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEON G. WORK, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:13-CV-00597-CL |
| ) | |
| v. ) | **FINDINGS AND RECOMMENDATION** |
| ) | |
| CAROLYN L. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Kathryn Tassinari and Mark Manning, Harder, Wells, Baron & Manning, P.C., 474 Willamette, Suite 200, Eugene, OR 97401. Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Jordan D. Goddard, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**MARK D. CLARKE, Magistrate Judge**.

Plaintiff Leon Work ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence, the decision should be **AFFIRMED**.

## BACKGROUND

Born in June, 1971, plaintiff was 33 years old on the alleged disability onset date of May 1, 2005. Tr. 101-07. He speaks English and completed the 11th grade. Tr. 127. He has worked as a fence builder, a machinist, a janitor, a mill worker, and a production worker. Tr. 130, 489. Plaintiff filed his application for SSI on May 15, 2009, alleging disability due to depression, anxiety, and residual pain and swelling after an ankle fracture. Tr. 11, 123.

The Commissioner denied plaintiff's application initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 65-69, 73-75, 79-80. After an administrative hearing, held on February 14, 2012, ALJ Alan Beall issued a decision finding plaintiff not to be disabled. Tr. 8-30, 31-62. The Appeals Council denied plaintiff's subsequent request for review on February 20, 2013, making the ALJ's decision the final Agency decision. Tr. 1-4; 20 C.F.R. §§ 416.1481, 422.210 (2014). This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 416.920; *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 416.910. If the claimant is performing such work, she is not disabled

Page 2 – FINDINGS AND RECOMMENDATION

within the meaning of the Act. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity since May 15, 2009, the alleged onset date. Tr. 13. At step two, the ALJ found plaintiff had the following severe impairments: asthma, hepatitis C with hepatomegaly, status post left ankle fracture, gastroesophageal reflux disease ("GERD"), migraine headaches, obesity, depression, anxiety related disorder, and history of alcohol and drug abuse. *Id.* At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a listed impairment. *Id.*

The ALJ next assessed plaintiff's RFC and determined that plaintiff retained the ability to perform unskilled work with a specific vocational profile of one or two, with the following limitations: he can lift and/or carry ten pounds frequently and 20 pounds occasionally; he is able to sit for about six hours during a normal eight hour workday with normal breaks; he can stand and/or walk for about two hours during a normal eight hour workday with normal breaks; he should not use his lower left extremity to operate controls but it otherwise able to perform

pushing/pulling activities without limitation except as shown for lifting and carrying; he can balance and stoop frequently, and is able to perform all other postural activities occasionally; he should not work in close proximity to others; he can sustain brief and informal contact with coworkers, but should avoid frequent or prolonged contact with the public or coworkers; he may have more than rare or occasional interaction with the public; he should have no more than frequent interaction with supervisors after an initial orientation; he can understand, remember, and carry out simple instructions only; he can perform simple work-related decision-making; and he should work in a setting with few, if any, workplace changes. Tr. 15.

At step four, the ALJ found that plaintiff was unable to perform his past relevant work. Tr. 23. At step five, based on the testimony of a vocational expert, the ALJ determined that plaintiff could perform jobs that exists in significant numbers in the national economy, including small products assembler, hand packager, and document preparer. Tr. 23-24. The ALJ therefore concluded that plaintiff is not disabled. Tr. 24-25.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) rejecting the lay witness testimony and (2) failing to incorporate his moderate limitations in concentration, persistence and pace into the RFC. For the reasons discussed below, the ALJ's opinion should be affirmed.

**Lay Testimony**

Plaintiff first argues that the ALJ erred by rejecting the lay testimony of his treating counselor Linda Williams and his former girlfriend Robin Sullivan. The ALJ must to provide "germane reasons" for rejecting lay testimony. 20 C.F.R. § 416.913(d)(1); *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). The ALJ need not discuss every witness's testimony, and "if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir. 2012).

**1. Treating Counselor Linda Willow, LCSW/QMHP**

Linda Willow began treating plaintiff as his mental health counselor in May, 2009. Tr. 308. Ms. Willow found that plaintiff was markedly limited in his ability to maintain attention and concentration for extended periods, to accept instructions from and respond appropriately to supervisors, to work in coordination with or in close proximity to others without being distracted by them, and to complete a normal workday and workweek without interruptions from psychologically-based symptoms. Tr. 313. Ms. Willow wrote that working with the public or under supervision would be extremely problematic for plaintiff due to his heightened sensitivity, agitation, and anxiety. Tr. 309. She found that plaintiff's anxiety is so overwhelming that he has difficulty speaking, intestinal distress, and sweating. *Id.* Ms. Willow opined that, even with little supervision or public contact, plaintiff's agitation, sensitivity, distractibility, and trouble concentrating would interfere with his ability to sustain a normal workweek. *Id.*

The ALJ rejected Ms. Willow's opinion. Tr. 19. As a counselor, Ms. Willow was an "other" medical source and the ALJ was required to provide germane reasons for rejecting her opinion. 20 C.F.R. § 416.913(d)(1); *Lewis*, 236 F.3d at 511. First, the ALJ noted that Ms. Willow's opinion was internally inconsistent. For example, Ms. Willow opined that performing physical labor was "virtually impossible" for plaintiff due to his foot injury, yet also noted that walking was his primary form of transportation, and that he would pace the floor when anxious. Tr. 383-85. This inconsistency within Ms. Willow's statements was a germane reason for rejecting her opinion that plaintiff was not capable of performing physical labor.

Second, the ALJ found that Ms. Willow's overall assessment of plaintiff's functional abilities was "heavily reliant on [plaintiff's] subjective reports." Tr. 19. An ALJ may reject an opinion that is based on a claimant's discredited subjective reports. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, the ALJ gave limited weight to plaintiff's credibility

Page 7 – FINDINGS AND RECOMMENDATION

because of inconsistencies in his subjective symptom statements, and plaintiff does not contest this finding. Tr. 22. The fact that Ms. Willow's opinion was largely based upon plaintiff's subjective symptom reporting is thus an additional germane reason for rejecting her opinion. *Tommasetti*, 533 F.3d at 1041.

Third, Ms. Willow's opinion was inconsistent with the medical opinions of the state agency medical consultants and the examining physician. Tr. 22. A germane reason to discredit the testimony of an "other" source includes a finding that the source's testimony is inconsistent with medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Further, when rejecting lay testimony, the ALJ is not required "to discuss every witness's testimony on a[n] individualized, witness-by-witness basis." *Molina*, 674 F.3d at 1114. Here, Ms. Willow's opinion conflicted with the other medical evidence in the record. For example, Joshua Boyd, Ph.D., and Linda Jensen, M.D., both reviewed the medical record and opined that he was at most moderately limited and capable of performing substantial gainful activity. Tr. 242, 251. Examining physician Charlotte Higgins-Lee, Ph.D., noted that plaintiff's level of activity was high enough that he was able to have custody of and provide care for his 3-year-old daughter. Tr. 224-25. Although the ALJ did not explicitly link these medical findings with his rejection of Ms. Willow's opinion, the fact that he credited the consultative physicians' opinions further supports his rejection of Ms. Willow's opinion. *Molina*, 674 F.3d at 1114; *Bayliss*, 427 F.3d at 1218. In sum, the ALJ provided legally sufficient reasons for rejecting Ms. Willow's opinion, and his findings should be affirmed.

### 2. Lay Witness Robin Sullivan

Robin Sullivan is the mother of plaintiff's oldest daughter, and was plaintiff's former girlfriend and roommate. Tr. 16. She prepared a third party function report in July, 2009,

regarding plaintiff's symptoms and limitations. Tr. 164. Ms. Sullivan wrote that plaintiff kept to himself and stayed in his room. *Id.* She opined that his conversations with others were not normal and he argued or took offense easily, and appeared paranoid. Tr. 165. Ms. Sullivan wrote that plaintiff has never been able to function normally in the "real world." Tr. 171.

The ALJ gave "some weight" to Ms. Sullivan's lay testimony. Tr. 22-23. The ALJ credited Ms. Sullivan's opinion that plaintiff was not compliant with his prescribed medication. Tr. 23. To the extent that the ALJ rejected limitations set forth in Ms. Sullivan's statements, his assessment was not harmful error. Here, many of Ms. Sullivan's statements closely mirror plaintiff's own statements regarding his daily activities, symptoms, and limitations. *See* Tr. 16-17, 176. For example, plaintiff testified that his biggest obstacle to working comes from his difficulties being "around people," and that he suffered from depression and anxiety, and paranoia. Tr. 41, 42. He stated that he deals with stressful situations by going to his room. Tr. 50. This testimony resembles Ms. Sullivan's statements that plaintiff kept to himself, stays in his room, and displays paranoia and difficulty interacting with others. *See* Tr. 164, 165, 171.

On this record, the Court finds that the lay testimony was sufficiently similar to plaintiff's in its description of symptoms and limitations for the ALJ to reject it based on his credibility determination. *See Molina,* 674 F.3d at 1114 (*citing Lewis,* 236 F.3d at 512 ("where the ALJ rejects a witness's testimony without providing germane reasons, but has already provided germane reasons for rejecting similar testimony, we cannot reverse the agency merely because the ALJ did not "clearly link his determination to those reasons")). Any error in the ALJ's rejection of Ms. Sullivan's lay opinion was therefore harmless, because he properly rejected plaintiff's similar subjective symptom testimony. The ALJ's evaluation of the lay testimony should be affirmed.

Page 9 – FINDINGS AND RECOMMENDATION

**RFC Assessment**

Plaintiff next argues that the ALJ failed to incorporate his moderate limitations in concentration, persistence and pace into the RFC. The ALJ assessed plaintiff's RFC and found plaintiff can understand, remember, and carry out simple instructions only; that he can perform simple work-related decision-making; and that he should work in a setting with few, if any, workplace changes. Tr. 15. In the Ninth Circuit, an RFC restricting the claimant to simple tasks adequately captures moderate limitations in concentration, persistence and pace when it is consistent with the medical evidence. *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1173–74 (9th Cir. 2008). In *Stubbs–Danielson*, the ALJ's decision was supported by the "state psychologist's findings which concluded that the claimant, despite certain pace deficiencies, retained the ability to do simple, repetitive, routine tasks." *Id.* at 1174. The Court found that the ALJ's limitation to simple tasks thus properly translated the claimant's "pace and mental limitations . . . into the only concrete restrictions available to him." *Id.* at 1174.

Similarly, the ALJ in this case limited plaintiff to less than a light exertional level, limited his social interaction, and limited him to simple instructions in a setting with few, if any, workplace changes. Tr. 15. This assessment is consistent with the medical evidence of record. For example, consultative physician Dr. Boyd opined that plaintiff was not significantly limited in his ability to complete a normal workweek without interruptions from psychologically based symptoms, and to "perform at a consistent pace without an unreasonable number and length of rest periods." Tr. 241. Dr. Boyd also opined that plaintiff is able to understand and carry out simple, routine 1-2 step tasks; and that plaintiff's mental limitations precluded only detailed tasks and tasks requiring sustained attention. Tr. 242. On this record, the Court concludes that the ALJ's assessment of plaintiff's RFC is supported by substantial evidence in the record and was

appropriately limited.[1] *See Stubbs–Danielson*, 539 F.3d at 1173–74. The ALJ's assessment of plaintiff's RFC should be affirmed.

## RECOMMENDATION

The ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence and should be AFFIRMED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 3 day of September, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge

---

[1] Further, plaintiff has not identified any specific restrictions or limitations in concentration, persistence, or pace established by the record; he merely points out that the record establishes "moderate" limitations in those functional areas. *See* Pl.'s R. Br. 7.

Page 11 – FINDINGS AND RECOMMENDATION